UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF KAVON TOLBERT, deceased, by Independent Administrator NICOLE PEEPLES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OSF HEALTHCARE SYSTEM, d/b/a OSF HEALTHCARE LITTLE COMPANY OF MARY MEDICAL CENTER; CONSULTANTS IN CARDIOLOGY & ELECTROPHYSIOLOGY, LLC; OSF MULTISPECIALTY GROUP d/b/a OSF MEDICAL GROUP; MICHAEL WAWRZYNIAK, M.D.; ADEEB ZAER, M.D.; GABRIELA SZATKO, M.D.; CHADI NOUNEH, M.D.; and LEON ALLEN YEH, M.D., <br><br> Defendants. | No. 25 C 7498 <br><br> (Formerly case no. 24 L 008776, Circuit Court of Cook County, Illinois) |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1. On, August 8, 2024, plaintiff Estate of Kavon Tolbert, by Independent Administrator Nicole Peeples, commenced the above medical malpractice civil action against several defendants and on December 2, 2024, filed an amended complaint adding TCA Health, Inc. NFP, and Angela Walker, D.O., as respondents in discovery. Dkt. 1, Notice of Removal, Exhibit A. For purposes of this lawsuit, TCA Health, Inc., is a private entity that receives grant

money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233. *Id.*; Exhibit B. In addition, Angela Walker, D.O., was acting within the scope of her employment at TCA Health, Inc. with respect to the incidents referred to in the complaint. *Id.*

2. On July 3, 2025, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted in place of TCA Health, Inc., and Angela Walker, D.O., pursuant to 42 U.S.C. § 233.

3. This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981).

5. The administrative exhaustion requirement is a prerequisite that cannot be waived. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). In addition to being a

nonwaivable prerequisite, the exhaustion requirement is likely jurisdictional as well. Although the Seventh Circuit (alone among the circuits) has held to the contrary, *e.g., Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008) (noting that the FTCA statutory exceptions "limit the breadth of the Government's waiver of sovereign immunity, but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts"), more recent Supreme Court decisions suggest the opposite. *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (holding that "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional"), and *United States v. Kwai Fun Wong,* 575 U.S. 402, 411-12 (2015) (also indicating that the FTCA's §§ 2671-2680 requirements are jurisdictional because they fall on the jurisdictional side of the "structural divide" created by 28 U.S.C. § 1346(b) that exists between those sections in chapter 171 of Title 28 (*i.e.,* §§ 2671-2680) on the one hand and sections in other chapters on the other hand, such as the filing deadline, 28 U.S.C. §2401(b), which is located in a different chapter of Title 28: chapter 161). Even more recently and more directly, the Supreme Court explained that "'[s]overeign immunity is jurisdictional in nature' and deprives courts of the power to hear suits against the United States absent Congress's express consent." *United States v. Miller*, 145 S. Ct. 839, 849 (2025) (c*iting FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). But whether the exhaustion requirement (which is on the chapter 171 side of the structural divide referred to by the Supreme Court in *Wong*) is jurisdictional or merely a claim processing prerequisite, this suit is subject to dismissal for failure to exhaust *before* filing suit against the United States.

6. The complaint in this case does not allege that plaintiff presented the administrative claim required by the FTCA prior to filing suit. A search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff presented an

3

administrative tort claim to the Department on December 17, 2024, about two weeks *after* the commencement of this action in state court against the deemed federal employees. Exhibit A, Declaration of Meredith Torres. The filing of an administrative tort claim during the pendency of litigation (rather than before litigation) does not satisfy the administrative presentment requirement of the Federal Tort Claims Act. *McNeil*, 508 U.S. at 112-13 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process.") (emphasis added).

7. This court can consider the Torres declaration in assessing whether plaintiff has properly complied with the administrative prerequisites for bringing suit under the FTCA whether or not the defense is jurisdictional. *See Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss, the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists). Also, the court may consider matters outside of the pleadings when deciding motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies under the Federal Tort Claims Act without converting the motion to one for summary judgment under Fed. R. Civ. P 56. In *Chaba v. United States Postal Service*, 2021 WL 1293830, *5 (N.D. Ill. April 7, 2021), the court noted that it is "altogether routine" for district courts to dismiss for failure to exhaust in FTCA cases under Fed. R. Civ. P.12(b)(6), citing *Chronis v. United States*, 932 F.3d 544, 546-67 (7th Cir. 2019), and *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-788 (7th Cir. 2014).

WHEREFORE, this case should be dismissed as to TCA Health, Inc. NFP, and Angela Walker, D.O., for failure to exhaust administrative remedies prior to suit and remanded to the Circuit Court of Cook County, Illinois, as to the remaining parties.

    Respectfully submitted,

    ANDREW S. BOUTROS
    United States Attorney

    By: s/ Nigel B. Cooney
        NIGEL B. COONEY
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-1996
        nigel.cooney@usdoj.gov

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| The Estate of Kavon Tolbert, Deceased, by Independent Administrator Nicole Peeples, <br><br>　　　　Plaintiffs, <br><br>　　　　v. <br><br>OSF Healthcare System d/b/a OSF Healthcare Little Company of Mary Medical Center; Consultants in Cardiology and Electrophysiology, LLC; OSF Multi-Specialty Group d/b/a OSF Medical Group; Michael Wawrzyniak, M.D.; Adeeb Zaer, M.D.; Gabriela Szatko, M.D.; Chadi Nouneh, M.D.; and Leon Allen Yeh, M.D., <br><br>　　　　Defendants. <br><br>　　　　v. <br><br>TCA Health Inc. NFP; and Angela Walker, D.O., <br><br>　　　　Respondents-in-Discovery. | ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

DECLARATION OF
MEREDITH TORRES

　　1.　I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

　　2.　The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

　　3.　As a consequence, if an administrative tort claim had been filed with the Department with respect to TCA Health, Inc., its approved delivery sites, or its employees or qualified contractors, a record

-2-

of that filing would be maintained in the Claims Office's database.

4. I have caused a search of the Claims Office's database to be conducted and found that an administrative tort claim was filed on December 17, 2024, by Nick Selvaggio, Attorney with Coplan & Crane, on behalf of Nicole Peeples, Independent Administrator of the Estate of Kavon Tolbert, relating to the medical care provided to Kavon Tolbert. To date, no final determination has been issued on the administrative tort claim and Plaintiff has not exhausted her administrative remedies pursuant to 28 U.S.C. § 2675.

5. I have also reviewed official Agency records and determined that TCA Health, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2022, and that its coverage has continued without interruption. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to TCA Health, Inc., are attached to this declaration as Exhibit 1.

6. I have also reviewed the employment records submitted by TCA Health, Inc., on behalf of the respondent-in-discovery, Angela Walker, D.O., and I have determined that Angela Walker, D.O. was an employee of TCA Health, Inc., at the time of the incidents giving rise to this suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 2nd day of July, 2025.

_____
Meredith Torres
Senior Attorney, Claims and Employment Law Branch
General Law Division, Office of the General Counsel
Department of Health and Human Services